IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN JOHNSON, et al.       :

                    :

   v.       :   Civil Action No. DKC 17-2867

                    :

PRINCE GEORGE'S COUNTY BOARD
OF ELECTIONS, et al.         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are a motion to dismiss or, in the alternative, for a more definite statement filed by Defendant Maryland State Administrative Board of Elections ("State Board") (ECF No. 13-38); and a motion to dismiss filed by Defendant Linda Lamone, State Administrator (ECF No. 8). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to dismiss will be granted in part and Plaintiffs' state law claims will be remanded to state court.

**I. Background**

    **A. Factual Background[1]**

Plaintiffs Melvin Johnson and Qaaree Palmer claim to be unregistered but eligible voters and residents of the state of Maryland who were detained in the Prince George's County

---

[1] The following facts are set forth in Plaintiffs' second amended complaint, accepted as true, and construed in the light most favorable to Plaintiffs.

Department of Corrections during the November 8, 2016 general election. (ECF No. 2 ¶¶ 2, 3). They assert that the State Board lacked a "strategy governing inmate voter registration and voting" and there was no "official local or statewide policy, procedure, or plan to register eligible voters desiring to do so by the October 18, 2016 deadline, or distribute ballots, absentee or otherwise, to pre-trial detainees or convicted misdemeanants who are registered voters wanting to exercise their right to vote[.]" (*Id.* ¶¶ 15, 17). Further, they allege that the State Board failed to provide information to inmates about "voting, voter eligibility, or voter registration" and "access to the ballot for persons eligible to register and/or vote[.]" (*Id.* ¶ 21). Thus, Plaintiffs claim that they were "denied the right to register, access to the ballot, and the right to vote in the November [2016] General Election by the City and State Board of Elections."[2] (*Id.* ¶¶ 7, 8).

**B.  Procedural Background**

On November 21, 2016, Plaintiffs commenced this action against the Prince George's County Board of Elections and the State Board in the Circuit Court for Prince George's County,

---

[2] Why Plaintiffs refer to the City Board of Elections is a mystery. They have not brought this action against a city board of elections. Perhaps the mistake is a result of copying an earlier case brought by the same counsel, *Voters Organized for the Integrity of City Elections v. Balt. City Elections Bd.*, 451 Md. 377 (Md. 2017).

2

Maryland, alleging violations of the Maryland Election Law Article, Maryland Constitution, and United States Constitution. (ECF No. 13-1). On December 14, Plaintiffs filed a second amended complaint, adding Linda Lamone as a defendant in her official capacity as State Administrator of the State Board. (ECF No. 2). On August 24, 2017, all claims against the Prince George's County Board of Elections were dismissed. (ECF No. 13-37). On September 1, Defendant State Board filed a motion to dismiss Plaintiffs' second amended complaint in state court (ECF No. 13-38), and Plaintiffs filed a response in opposition (ECF No. 13-44). Defendant Lamone was served with the summons and second amended complaint on September 18. (ECF No. 10 ¶ 1). On September 26, Defendant Lamone removed this action from the Circuit Court for Prince George's County with the consent of Defendant State Board. (ECF Nos. 1; 4). Defendant Lamone filed a motion to dismiss Plaintiffs' second amended complaint on October 11, 2017, incorporating the arguments made in Defendant State Board's motion to dismiss by reference.[3] (ECF Nos. 8; 8-1, at 9 n.2). Plaintiffs filed a response in opposition (ECF No. 14), and Defendant Lamone filed a reply (ECF No. 15).

---

[3] The motions to dismiss filed by Defendants will be construed and referred to as a single motion to dismiss.

**II. Motion to Dismiss**

Defendants assert that Plaintiffs' second amended complaint should be dismissed because (1) Plaintiffs failed to comply with the Maryland Tort Claims Act ("MTCA") and thus their claims are barred by sovereign immunity; (2) Plaintiffs lack standing; (3) Plaintiffs fail to state a claim upon which relief may be granted; and (4) Plaintiffs fail to state a claim for punitive damages.[4] Because this case was removed based on federal question jurisdiction over Plaintiffs' § 1983 claim, it is appropriate first to consider whether Plaintiffs have standing to pursue this claim.

**A. Standing**

Any plaintiff seeking to invoke the jurisdiction of a federal court must establish standing. The doctrine of standing consists of two distinct "strands": constitutional standing pursuant to Article III and prudential standing. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014). The requirements for constitutional standing reflect that Article III "confines the

---

[4] Although Defendant State Board raised other arguments in its motion to dismiss pursuant to state pleading standards set forth in the Maryland Rules, Plaintiffs' complaint is reviewed under the federal pleading standards set forth in Fed.R.Civ.P. 8(a) after removal. *See* Fed.R.Civ.P. 81(c)(1) ("[Fed.R.Civ.P.] apply to a civil action after it is removed from a state court.").

4

federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l*, 134 S.Ct. 1377; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1993) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III[.]"). To establish Article III standing, a plaintiff must demonstrate that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

In addition to satisfying constitutional standing requirements, a plaintiff must also demonstrate that his claims are not barred by prudential limitations on a federal court's exercise of jurisdiction. *Doe v. Sebelius*, 676 F.Supp.2d 423, 428 (D.Md. 2009). In contrast to Article III standing, prudential standing "embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Elk Grove*, 542 U.S. at 11 (quoting *Allen*, 468 U.S. at 751). One such limitation is that "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal

5

rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). This limitation serves to "preclude a court from deciding 'questions of broad social import in cases in which no individual rights will be vindicated'" and to ensure that "access to the federal courts [is] limited to those litigants best suited to assert the claims." *Buchanan v. Consol. Stores Corp.*, 125 F.Supp.2d 730, 738 (D.Md. 2001) (quoting *Mackey v. Nationwide Ins. Cos.*, 724 F.2d 419, 422 (4th Cir. 1984)).

Plaintiffs claim that Defendants "denied" their First and Fourteenth Amendment right to vote, yet they fail to allege facts delineating something Defendants did or refused to do to burden their right to register to vote. Maryland Election Law Article § 3-201 identifies methods available for voter registration – including by mail, through the State Board's online voter registration system, and with the assistance of a volunteer authorized by the State Board. Md.Code Ann., Elec. Law § 3-201(a)(3),(6),(7). While the Maryland Election Law Article requires local election boards to administer voter registration and absentee voting for nursing homes and assisted living facilities, § 2-202(b)(11), it does not require the State Board to do the same for correctional facilities.

Plaintiffs' allegations fall well short of those found sufficient in other cases. *See Coal. for Sensible & Humane*

6

*Sols. v. Wamser*, 771 F.2d 395, 399 (8th Cir. 1985)(finding standing based on allegations that the defendant-local board of election's *refusal* to make voter registration facilities more accessible and convenient, by denying a specific request by the Coalition to appoint its own members as deputy registration officials, infringed the plaintiff's right to register and thus her right to vote); *Bear v. County of Jackson*, 2015 WL 1969760, at *4 (D.S.D. May 1, 2015) (finding standing based on the plaintiffs' allegations that the defendants' *refusal* to approve a satellite office for voter registration and in-person absentee voting, for which funding was available, inconvenienced the plaintiffs' ability to register to vote and thus infringed upon their right to vote). Plaintiffs' bare assertion that "[t]he State . . . board of elections refused to allocate any resources to provide authorized volunteers to assist [eligible inmates] with voter registration[,]" without pleading any facts, does not demonstrate an injury in fact. (*See* ECF No. 2 ¶ 36)

Additionally, this case is not a class action and Plaintiffs cannot assert their claims on behalf of all "pre-trial detainees, and individuals serving court-ordered sentences of imprisonment for misdemeanor violations who are being held within the custody of city/county detention centers, and/or intake and correction facilities throughout Maryland." (ECF No.

2 ¶ 34). Therefore, Plaintiffs lack standing and the court must dismiss Plaintiffs' § 1983 claim.

**B. Failure to State a Claim**

Even if Plaintiffs could demonstrate standing, they fail to state a claim upon which relief can be granted. Under what is titled "Count I" of Plaintiffs' complaint, Plaintiffs attempt to bring a § 1983 claim against Defendants for alleged violations of Sections 1 and 2 of Article 1 of the Maryland Constitution, Articles 7 and 24 of the Maryland Declaration of Rights, and the First and Fourteenth Amendments to the United States Constitution.[5]

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule

---

[5] On the face of the complaint, Plaintiffs' claims numbered Counts I, I(a), I(b), I(c) are imprecise. Plaintiffs explain in their opposition to the State Board's motion to dismiss that "Plaintiffs['] overarching and primary claim in their complaint alleged a violation of 42 U.S.C. § 1983 because [Defendants] violated their federally protected Constitutional voting rights under the First and Fourteenth Amendments" and that their "'underarching' and secondary claim alleged that [Defendants] violated Plaintiffs' parallel State protected Constitutional rights under Article I §§ 1 & 2 and Declaration of Rights Article §§ 7 & 24, for all the same reasons." (ECF No. 13-44, at 6-7). Plaintiffs are bound by their complaint and cannot amend it through their briefs. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). The clarification has no bearing on the failure to state a claim for violation of a federal right.

8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, a complaint must "'permit[ ] the court to infer more than the mere

possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

To state a claim under § 1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutional right or a right *conferred by a law of the United States*. *Estate of Saylor v. Regal Cinemas, Inc.*, 54 F.Supp.3d 409, 416 (D.Md. 2014)(citing *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009)) (emphasis added). In other words, § 1983 does not provide a cause of action for violations of a state constitution. Thus, Plaintiffs cannot use § 1983 as a vehicle to claim violations of the Maryland Constitution and Maryland Declaration of Rights.

Plaintiffs also fail to plead a § 1983 claim for alleged violations of their First and Fourteenth Amendment right to vote. "The right to vote derives from the right of association that is at the core of the First Amendment, protected from state infringement by the Fourteenth Amendment." *Storer v. Brown*, 415 U.S. 724, 756 (1974). The appropriate standard for evaluating a claim that a state law burdens the right to vote is set forth in *Anderson v. Celebrezze*, 460 U.S. 780, 788-89 (1983). A court considering constitutional challenges to specific provisions of state election laws must weigh "the character and magnitude of the asserted injury to the rights protected by the First and

Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration "the extent to which those interests make it necessary to burden the plaintiff's rights." *Anderson*, 460 U.S. at 789. "Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional." *Id.*

Under this standard, the rigorousness of inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

> [W]hen those rights are subjected to "severe" restrictions, the regulation must be "narrowly drawn to advance a state interest of compelling importance." *Norman v. Reed*, 502 U.S. 279, 289 (1992). But when a state election law provision imposes only "reasonable, nondiscriminatory restrictions" upon the First and Fourteenth Amendment right of voters, "the State's important regulatory interests are generally sufficient to justify" the restrictions. *Anderson*, 460 U.S. at 788.

*Id.*

Plaintiffs have not identified a provision of the Maryland Election Law Article that burdens or prohibits Plaintiffs' right to vote. The absence of that critical allegation makes it impossible for them to allege that a challenged provision

11

unconstitutionally infringes upon Plaintiffs First and Fourteenth Amendment rights. Instead, Plaintiffs challenge "*the lack of* a State strategy governing inmate voter registration and voting." (ECF No. 2 ¶ 15) (emphasis added). Plaintiffs allege that "[s]omething as simple as providing registration and voter information upon entry into the facility, use of a voting kiosk/machine, or a access [sic] to duly authorized volunteers with a hand-held devices [sic] is all that was needed to alleviate at least part of the problem." (*Id.* ¶ 39). Plaintiffs do not allege that Defendants' failure to provide volunteers with handheld devices or kiosks to facilitate voter registration was an omission of an act required by law. Maryland Election Law Article § 3-201 provides that an individual may register to vote "with the assistance of a volunteer *authorized by the State or local board*." Md.Code Ann., Elec. Law § 3-201. Plaintiffs have not alleged any facts that the State Board refused to authorize volunteers to assist eligible inmates with voter registration. Plaintiffs' failure to identify a provision of the Maryland Election Law Article that burdens their ability to register to vote is fatal to their federal constitutional claim. Therefore, even if Plaintiffs could demonstrate standing, their § 1983 claim would be dismissed for failure to state a claim.

**C. Declaratory Relief**

Count II of Plaintiffs' complaint requests declaratory relief. As an initial matter, a removed state-court declaratory judgment action is treated as if Plaintiffs had invoked the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Alban Waste, LLC v. CSX Transp., Inc.*, 9 F.Supp.3d 618, 620 (D.Md. 2014).

> The Federal Declaratory Judgment Act . . . authorizes a federal court to give a declaratory judgment only with respect to "a case of actual controversy *within its jurisdiction*." (emphasis added). It is axiomatic that the Act does not supply its own jurisdictional base, and where jurisdiction is lacking, declaratory relief should be denied. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950); 6A Moore's Federal Practice ¶ 57.23 (1974).

*Delavigne v. Delavigne*, 530 F.2d 598, 601 (4th Cir. 1976). The Declaratory Judgment Act does not provide a basis for an independent claim. Rather, it is an available form of relief, should the court otherwise have a valid cause of action before it. *See Gem Cty. Mosquito Abatement Dist. v. EPA*, 398 F.Supp.2d 1, 12 (D.D.C. 2005) ("When a plaintiff has a legal claim under federal law, the Declaratory Judgment Act allows him to obtain a federal court declaration of his rights under that federal statute.").

Plaintiffs lack an independent basis for Article III standing and have failed to state a claim and thus there is no "actual controversy" for declaratory judgment purposes.

### III. Supplemental State Law Claims

Once the claim over which this court has original removal jurisdiction has been dismissed, the court has discretion to remand the remaining claims to the state court. *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). Exercise of this authority requires consideration of "principles of economy, convenience, fairness, and comity." *Id.* At this early stage of the litigation, when only state law claims remain, it is appropriate to remand.

### IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Linda Lamone and Maryland State Board of Elections will be granted in part. Plaintiffs' remaining state law claims will be remanded to the Circuit Court for Prince George's County. A separate order will follow.

                                                   /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge